to the animal insured so as to bar recovery on a policy for the loss of the animal by fire, especially where the scratch had nothing to do with the loss of the animal.

6. TRIAL, § 163*—*when construction of contract a question of law.* The construction of the terms of a contract is a matter of law for the court and not for the jury.

## Jennie Parker, Appellee, v. American Assurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

### Statement of the Case.

Action of assumpsit by Jennie Parker against the American Assurance Company to recover as beneficiary under a policy of insurance upon the life of her husband. From a judgment for plaintiff after trial by the court without a jury, defendant appeals.

W. O. EDWARDS and GEORGE R. TILTON, for appellant.

ISAAC A. LOVE, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

INSURANCE, § 704*—*when finding of court below sustained.* It will be presumed on appeal that the trial court did not err in rendering its judgment in an action on a life insurance policy tried

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

492      APPELLATE COURTS OF ILLINOIS.

Burge v. St. Louis, Springfield & Peoria R. Co., 193 Ill. App. 492.

before the court without a jury, where no propositions of law or fact were submitted to the court and no question was discussed in the argument but that of whether the payment of the last premium was made under the facts shown in the evidence and the terms of the policy, and the Appellate Court had no means of knowing what the provisions of the policy were without going to the record, which the Appellate Court could not be required to do, and appellant had not abstracted the policy.

SCHOLFIELD, J., took no part in the consideration of this case.

## Sarah T. Burge, Appellee, v. St. Louis, Springfield & Peoria Railroad, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of fact. Opinion filed April 16, 1915.

### Statement of the Case.

Sarah T. Burge recovered a judgment against the St. Louis, Springfield & Peoria Railroad for seven hundred dollars, in action for damages for personal injuries received through alleged negligence of appellant while she was alighting from one of its cars. The defendant appeals.

The plaintiff claimed that the appellant so negligently managed and controlled its car that it was not stopped at a certain crossing, so as to permit the appellee to alight upon the crossing, but that the car was negligently and carelessly stopped so that the steps thereof were about six feet north of the north line of the crossing, and that the agents and servants of the defendant negligently failed to exercise due and